# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

CHARLES ORLANDO FIELDS a/k/a )
NOBLE:BUDDHA-ANGAVU:SISHYA, )
ET AL., )
                                     )
      Plaintiffs, )
                                     )
VS. )          No. 17-1190-JDT-cgc
                                     )
TRINITY FOOD SERVICE, ET AL., )
                                     )
      Defendants. )

---

## ORDER DIRECTING PLAINTIFFS TO FILE INDIVIDUAL *IN FORMA PAUPERIS* AFFIDAVITS AND INMATE TRUST ACCOUNT STATEMENTS

---

On October 4, 2017, the four prisoner Plaintiffs, Orlando Fields a/k/a Noble:buddha-angavu:sishya, Robert Birdwell, George Hamby, and Gerald Sykes,[1] inmates at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a joint civil complaint accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down

---

[1] The case caption also lists the "Ultimate Cakra Liberation" tribunal as a plaintiff (ECF No. 1 at 1), but the description of parties in the body of the complaint lists only the four individuals as party plaintiffs (*id.* at 3, ¶¶ 6-9). It is not clear that the "tribunal" is a legal entity that may sue separately, apart from the individual Plaintiffs.

payment" of a partial filing fee and pay the remainder in installments.  § 1915(b)(2).  However, in order to take advantage of the installment procedures, a prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint.  § 1915(a)(2).

In this case, the Plaintiffs have submitted only a joint *in forma pauperis* affidavit and none of the Plaintiffs have submitted a certified inmate trust account statement.  The Court will require each Plaintiff to submit both a separate *in forma pauperis* affidavit using the standard form and a copy of his inmate trust account statement for the last six months.  Accordingly, the Plaintiffs are each ORDERED to submit, within 30 days after the date of this order, a properly completed and executed *in forma pauperis* affidavit and a copy of his trust account statement for the last six months.  If any Plaintiff needs additional time to file the required documents, he may request one 30-day extension of time from this Court.  *McGore*, 114 F.3d at 605.  The Clerk is directed to mail each Plaintiff a copy of the prisoner *in forma pauperis* affdavit form.

If any Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis* and dismiss the action with regard to that Plaintiff without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE