IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ORLANDO FIELDS a/k/a NOBLE:BUDDHA-ANGAVU:SISHYA, ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 17-1190-JDT-cgc |
| TRINITY FOOD SERVICE, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE, ASSESSING $400 CIVIL FILING FEE AND
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

On October 4, 2017, a joint civil complaint was filed by four *pro se* prisoner Plaintiffs, Charles Orlando Fields a/k/a Noble:buddha-angavu:sishya, Tennessee Department of Correction (TDOC) prisoner number 263062; Robert Birdwell, prisoner number 230847; George Hamby, prisoner number 381365; and Gerald Sykes, prisoner number 405894. (ECF No. 1.) All of the Plaintiffs were, at the time, inmates at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. Plaintiffs did not pay the civil filing fee and filed only a joint, non-standard motion to proceed *in forma pauperis* that was not accompanied by copies of their inmate trust account statements, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order on October 6, 2017, directing each of the Plaintiffs to submit, within 30 days, a separate *in forma pauperis*

affidavit using the Court's standard form and a copy of his inmate trust account statement for the preceding six months. (ECF No. 6.) Plaintiffs were warned that failure to comply in a timely manner would result in denial of leave to proceed *in forma pauperis* and the dismissal of their claims without further notice for failure to prosecute. (*Id.* at 2.) However, none of the Plaintiffs have complied with the Court's order; therefore, leave to proceed *informa pauperis* is DENIED with regard to all of the Plaintiffs.

Although Plaintiff Sykes did not comply with the Court's order, he notified the Court via a letter received on November 1, 2017, of his intent to withdraw from this lawsuit. (ECF No. 13.) The Court construes the letter as a notice of voluntary dismissal, and Plaintiff Sykes's claims are DISMISSED pursuant to Federal Rule of Civil Procedure 41(a)(1).

According to the TDOC's Felony Offender Information website, Plaintiff Birdwell is no longer in TDOC custody because his sentence expired a few days after the complaint in this case was docketed. *See* https://apps.tn.gov/foil-app/search.jsp. Birdwell has submitted no change of address. As stated, neither Plaintiff Fields nor Plaintiff Hamby has submitted the required documents. Therefore, the claims of Plaintiffs Fields, Hamby and Birdwell are DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Because there are multiple plaintiffs, each Plaintiff is responsible for payment of his share of the filing fee.[1] *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997).

Plaintiff Fields, #263062; Plaintiff Hamby, #381365; and Plaintiff Sykes, #405894 are each assessed $100, his proportionate share of the $400 civil filing fee.[2] While Plaintiff Birdwell is no longer incarcerated, he also is assessed his $100 share of the filing fee.

It is ORDERED that Plaintiffs Fields, Hamby and Sykes cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiffs' prison shall withdraw from each Plaintiff's inmate trust account the sum of $100 and forward that amount to the Clerk of this Court. If the funds in any Plaintiff's account are insufficient to pay his share of the civil filing fee, the prison official is instructed to withdraw all of the funds in that Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to that Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until his $100 share of the civil filing fee is paid in full.

---

[1] The fact that Plaintiff Sykes chose to voluntarily dismiss his claims does not relieve him of the obligation to pay his portion of the filing fee. *See McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). In addition, the Schedule of Fees set out following the statute requires the Clerk to collect an administrative fee of $50 for filing any civil case. While the additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*, pauper status is being denied in this case. Therefore, Plaintiffs are also liable for the $50 administrative fee.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

    Clerk, United States District Court, Western District of Tennessee
    111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify the Plaintiff's name and the case number as it appears on the first page of this order. If either Plaintiff Fields, Sykes or Hamby is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiffs' prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the HCCF to ensure that the custodian of Plaintiffs' inmate trust accounts complies with that portion of the PLRA pertaining to the payment of filing fees.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) that an appeal by any of the Plaintiffs in this case would not be taken in good faith.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE