IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLES ORLANDO FIELDS a/k/a NOBLE:BUDDHA-ANGAVU:SISHYA a/k/a ULTIMATE CAKRA LIBERATION,  Plaintiff, v. TRINITY FOOD SERVICE, et al., Defendants. | No. 1:17-cv-01190-SHM-cgc |

**ORDER**

## I.  Background

On October 4, 2017, four pro se plaintiffs jointly filed an initial complaint against various prisons, corporations, persons in their official and individual capacities, and the Tennessee Department of Corrections ("TDOC"). (ECF No. 1) (the "Initial Complaint"). On October 24, 2017, Plaintiff Charles Orlando Fields ("Fields") a/k/a Noble:buddha-angavu:sishya a/k/a Ultimate Cakra Liberation filed a supplemental complaint against additional persons in their official and individual capacities. (ECF No. 11) (the "Supplemental Complaint"). The Complaints address events that allegedly took place at Hardeman County Correctional Facility ("HCCF") and Trousdale Turner Correctional

Center ("TTCC"), two state prisons. Fields is the sole remaining plaintiff in this action. He is currently incarcerated at TTCC. See Felony Offender Information, "Charles Orlando Fields," https://apps.tn.gov/foil/search.jsp (last accessed Jan. 12, 2022).

The Initial Complaint names Bernard Dietz ("Dietz") as a defendant. Diez worked as a physician at HCCF. Fields alleges that Dietz refused to respond to Fields' sick-call requests, refused to order Fields "a therapeutic diet," and canceled Fields' planned hernia surgery. (ECF No. 1, 14-15.)[1] Fields alleges that he is in severe pain from a hernia that, if not surgically corrected, "may rupture and cause poisoning or death." (ECF No. 1, 22.)

The Initial Complaint names HCCF Library Supervisor Darlene Mathews ("Mathews") as a defendant. Fields alleges that Mathews denied him copies of legal documents from a pending case in the Davidson County Chancery Court. (ECF No. 1, 17.) Fields alleges that the state court ordered him to provide copies of the summons in duplicate form and the complaint for each Defendant in his case. (ECF No. 1, 17.) Fields requested these copies from Mathews and provided the unit manager a copy of the court's order. (ECF No. 1, 17.) Mathews allegedly refused to make the copies, and

---

[1] All pincites refer to PageID numbers.

Fields missed the court's deadline to submit them. (ECF No. 1, 17.) The court then dismissed Fields' complaint for failing to comply with court orders. (ECF No. 1, 17.) Fields alleges that he is at risk of missing another deadline in his "out-of-state cases" because of Mathews' actions. (ECF No. 1, 22.)

The Supplemental Complaint names former HCCF Warden Grady Perry ("Perry") as a defendant. Fields alleges that he gave Perry a grievance requesting an "adequate nutritious religious meal" in accordance with Jainism. (ECF No. 11, 216.) Perry allegedly responded that "he does not go by TDOC policies he goes by his own." (ECF No. 11, 216.) Fields claims that Perry has "implement[ed] regulation [sic] to infringe on [Fields'] religious practice" of Jainism. (ECF No. 11, 216.)

On October 17, 2019, the Court enter an order partially dismissing the two Complaints. (ECF No. 37.) The Court found that Fields had sufficiently pled an Eighth Amendment claim against Dietz for the alleged failure to allow Fields' hernia procedure to proceed, a First Amendment claim against Perry, and a First Amendment claim against Mathews. (ECF No. 37, 23.) It dismissed all other claims and defendants. The Court directed the U.S. Marshal to make service on Dietz, Mathews, and Perry. (ECF No. 37, 24.) The U.S. Marshal received an executed summons from Perry, but not from Dietz or Mathews. (ECF Nos. 46; 39.)

The process receipt noted that Dietz and Mathews were no longer employed at HCCF. (ECF No. 39.)

A petition for writ of mandamus and five motions are pending before the Court.

## II. Petition for Writ of Mandamus

On May 15, 2020, Fields petitioned the Court for a writ of mandamus directing prison employees to provide Fields with stationery materials, access to computers, and copies of legal documents. (ECF No. 50) (the "Petition for Writ of Mandamus"). Fields says that he is unable to respond to Defendant Perry's First Set of Interrogatories and Requests for Production of Documents if the employees "are not compelled to provide what they continue to deprive [him] of . . . ." (ECF No. 50, 955.)

Congress has provided district courts with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain relief, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. See Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir. 1990). The individuals from whom Fields seeks relief are employees of CoreCivic, a private

corporation that manages HCCF and TTCC. The Court lacks jurisdiction to grant mandamus relief.

To the extent that Fields alleges violations of his constitutional rights, he must assert those claims in a separate action. The employees Fields names in his petition are not named in his Complaint and cannot be joined. See Fed. R. Civ. P. 20(a)(2). The right to relief against those employees arises out of a transaction or occurrence that is different from the one now before the Court. See id. Fields' Petition for Writ of Mandamus is **DENIED**.

### III. Motions for Extraordinary Relief

On August 26, 2020, and December 27, 2021, Fields filed motions seeking a temporary restraining order and permanent injunction. (ECF No. 53; 65) (the "Motions for Extraordinary Relief"). The Motions address Fields' request for a vegan diet excluding root vegetables, his request for protection against violence from other inmates, and his request for legal materials.

Fields is incarcerated at TTCC. The remaining defendants were employees at HCCF. Fields' Motions are moot. See Moore v. Curtis, 68 Fed. Appx. 561, 562 (6th Cir. 2003) (holding that claims for declaratory and injunctive relief against prison staff are moot when inmate transferred to another facility); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 510 n.1 (6th Cir. 2001)(same);

Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996)(same). The Motions for Extraordinary Relief are **DENIED** as moot.

**IV.  Motions to Compel Discovery**

On May 5, 2020, Defendant Perry propounded a First Set of Interrogatories and Requests for Production of Documents. On June 8, 2020, Fields confirmed receipt of the written discovery requests but did not respond to the requests. Perry sent a letter on June 25, 2020, requesting that Fields respond to the written discovery requests within fourteen days of receipt of the letter. Receiving no response, Perry filed a motion to compel on September 10, 2020. (ECF No. 54) (the "First Motion to Compel Discovery").

On or about September 23, 2020, Fields responded to the written discovery requests. In response to Interrogatory Nos. 2, 12, and 14, Fields said he would not answer the interrogatories "unless you provide proof of claim that the Defendant and [Plaintiff] were at [Whiteville Correctional Facility] from December 1, 2016, through July 18, 2019." (ECF No. 57, 1197, 1207, 1209.)[2] Fields did not provide the information sought in Interrogatory No. 3, about criminal offenses, or the information sought in Interrogatory No. 4, about prescribed medications. (ECF No. 57, 1198-99.)

---

[2] In his Answer, Perry says that "at all times relevant the Defendant was the Warden of HCCF." (ECF No. 45 at ¶ 4.)

6

Fields responded to each request for production with a version of the following: "I cannot provide you with all documents that will be used because I am being denied access to the courts and face imminent danger of serious physical injury." (ECF. No. 57, 1214-16.) The Court understands that Fields did not provide responsive documents because he refuses to sign the name "Charles Orlando Fields" and therefore is denied access to prison library resources.[3] Fields did not sign the oath page appended to the written discovery requests, the employment and prison records release authorization, or the HIPAA release authorization. (ECF. No. 57, 1217-19.) Fields wrote on the oath page, "I am refusing to sign this contract because it's bias and favors the Defendant Perry and it violates my religious beliefs." (ECF. No. 57, 1217.)

On October 21, 2020, Perry sent a letter to Fields outlining Perry's concerns with the discovery responses. Although Fields sent a letter to Perry's counsel further outlining Fields' objections to the requests, he has not sent supplemental discovery responses. On November 12, 2020, Perry filed a second motion to compel. (ECF No. 57) (the "Second Motion to Compel Discovery"). He seeks an order from the Court compelling Fields to cure discovery deficiencies.

---

[3] The Court bases its understanding on the facts in Fields' Petition for Writ of Mandamus.

7

The Federal Rules of Civil Procedure require that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully . . . ." Fed. R. Civ. P. 33(b)(3). The Rules require that responses to document requests "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). A party responding to document requests must produce relevant documents that are in its possession, custody, or control. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a). Documents are in a party's "possession, custody, or control" if the party has the legal right to obtain the documents on demand. See In re Bankers Tr. Co., 61 F.3d at 469; In re Envision Healthcare Corp. Sec. Litig., No. 3:17-CV-01112, 2020 WL 12572931, at *6 (M.D. Tenn. Dec. 14, 2020). A court may compel a party to sign a release authorization. See, e.g., Boegh v. Harless, No. 5:18-CV-00123, 2021 WL 1923365, at *6 (W.D. Ky. May 13, 2021). The Rules require pro se litigants to personally sign answers to interrogatories and document requests. See Fed. R. Civ. P. 26(g); Fed. R. Civ. P. 33(b)(5).

Fields has not asserted a valid objection to Perry's interrogatories. See 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2174 (3d ed. April 2021 Update)(cataloging valid objections). Fields' answers to

8

Interrogatory Nos. 2, 3, 4, 12, and 14 are inadequate. The Court **ORDERS** Fields to supplement his answers to Interrogatory Nos. 2, 3, 4, 12, and 14 within 30 days.

Fields has not asserted a valid objection to Perry's document requests. See 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2213 (3d ed. April 2021 Update)(cataloging valid objections). He has not made requested documents available and has refused to sign necessary release forms. The Court **ORDERS** Fields to produce responsive documents that he has a legal right to obtain on demand within 30 days, even if obtaining those documents requires Fields to sign the name "Charles Orlando Fields." It **ORDERS** Fields to sign the release authorization forms.

The Court declines to award Perry the expenses incurred in making the Motions to Compel Discovery. When a court grants a motion to compel discovery, it must award expenses to the moving party unless there are circumstances that make such an award unjust. See Fed. R. Civ. P. 37(a)(5)(A). Fields is proceeding pro se and in forma pauperis. The award of expenses would be unjust. See Jayne v. Bosenko, No. 2:08-CV-02767, 2014 WL 2801201, at *2 (E.D. Cal. June 19, 2014)(declining to impose sanctions under Rule 37(a)(5) against a pro se prisoner proceeding in forma pauperis because doing so would be unjust). Fields is admonished that the Court has now ordered him to comply with discovery

9

requirements. Failure to obey the Court's orders may result in sanctions that include dismissal of this action without further notice, default judgment, and/or contempt of court proceedings. See Fed. R. Civ. P. 37(b)(2)(A).

The First Motion to Compel is **DENIED** as moot. The Second Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

**V.   Motion to Compel the Court**

On January 6, 2021, Fields filed a motion demanding that the Court "read, comprehend, consider, and rule upon all motions, orders, notices, evidence and pleadings filed with this Court . . . ." (ECF No. 66) (the "Motion to Compel the Court"). The Court has read all relevant pleadings and has decided all outstanding motions. The Motion to Compel the Court is **DENIED** as moot.

**VI.  Service Issues**

There has been no service on Dietz or Mathews. Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

10

>dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The U.S. Marshals' process receipt noted that Dietz and Mathews were no longer employed at HCCF. (ECF No. 39.) More than 90 days have passed since the summonses were issued to Dietz and Mathews on October 18, 2019. (D.E. 38.) For Fields to avail himself of Fed. R. Civ. P. Rule 4(c)(3) and 28 U.S.C. § 1915(d)— i.e., to enlist the U.S. Marshal to serve process—Fields must take reasonable steps to provide the Clerk of Court, and thus the U.S. Marshal, with sufficiently specific and accurate information about the locations of named Defendants. That information is necessary to enable the U.S. Marshal to accomplish service in a timely manner. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) ("United States Marshal . . . must . . . effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.").

Nothing in the record shows that Fields has tried to cure the deficient service of summonses on Mathews and Dietz. Fields has not explained why service has not occurred. Fields has not submitted a new or updated address for Dietz or Mathews. Fields

11

has made only a single attempt to serve Dietz and Mathews. Neither Fields' pro se status nor his incarceration constitutes good cause for the lack of service. See Rose v. U.S. Postal Service, 352 Fed. Appx. 82, 84 (7th Cir. 2009) (citing McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001)).

Fields is **ORDERED** to show cause, within 30 days of the date of entry of this order, why the Complaints should not be dismissed without prejudice as to Dietz and Mathews for: (1) Fields' failure to take reasonable measures to effect timely service on Dietz and Mathews; or (2) in the alternative, Fields' failure to prosecute claims against Dietz and Mathews pursuant to Fed. R. Civ. P. 41(b). If Fields fails to show cause, the Court will dismiss the Complaints against Dietz and Mathews without prejudice.

**VII. Conclusion**

1. The Petition for Writ of Mandamus is **DENIED**;

2. The Motions for Extraordinary Relief are **DENIED** as moot;

3. The First Motion to Compel Discovery is **DENIED** as moot;

4. The Second Motion to Compel Discovery is **GRANTED IN PART** and **DENIED IN PART**;

5. Fields is **ORDERED** to supplement his responses to Interrogatory Nos. 2,3, 4, 12, and 14 within 30 days of the date of entry of this order and sign those responses;

6. Fields is **ORDERED** to produce responsive documents that he has a legal right to obtain on demand within 30

12

    days of the date of entry of this order, even if obtaining those documents requires him to sign the name "Charles Orlando Fields";

7.  Fields is **ORDERED** to sign the release authorizations propounded by Perry;

8.  The Motion to Compel the Court is **DENIED** as moot; and

9.  Fields is **ORDERED** to show cause, within 30 days of the date of entry of this order, why the Complaints should not be dismissed without prejudice as to Dietz and Mathews.

SO ORDERED this 20th day of January, 2022.

            */s/ Samuel H. Mays, Jr.*
            SAMUEL H. MAYS, JR.
            UNITED STATES DISTRICT JUDGE