IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CHARLES ORLANDO FIELDS<br>a/k/a NOBLE:BUDDHA-ANGAVU:SISHYA<br>a/k/a ULTIMATE CAKRA LIBERATION,<br><br>    Plaintiff,<br><br>v.<br><br>TRINITY FOOD SERVICE, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:17-cv-01190-SHM-cgc |

**ORDER OF DISMISSAL**

**I. Background**

On October 17, 2019, the Court enter an Order partially dismissing Plaintiff Orlando Fields' ("Fields") initial and supplemental complaints. (D.E. 37.) The Court decided that Fields had sufficiently pled an Eighth Amendment claim against Defendant Bernard Dietz ("Dietz"), a First Amendment claim against Defendant Grady Perry ("Perry"), and a First Amendment claim against Defendant Darlene Mathews ("Mathews"). (D.E. 37, PAGEID 909.) The Court dismissed all other claims and Defendants.

On January 20, 2022, the Court entered an Order that addressed outstanding discovery and service issues. (D.E. 68.) The Court directed Fields to supplement deficient discovery

responses within thirty (30) days of the entry of the Order. It admonished Fields that failure to supplement deficient discovery responses would result in sanctions under Fed. R. Civ. P. 37(b)(2)(A). The Court also ordered Fields show cause why his claims against Mathews and Dietz should not be dismissed without prejudice for: (1) Fields' failure to take reasonable measures to effect timely service; or (2) Fields' failure to prosecute claims against Dietz and Mathews. The Court directed Fields to respond within thirty (30) days of the entry of the Order.

Since entry of the Court's January 20, 2022 Order, Fields has refused to accept mail sent by both the Clerk of Court and defense counsel. (D.E. 72; 73; 76.) On February 11, 2022, Fields filed a Notification of Record that repeated aspects of his two complaints and his discovery objections. (D.E. 74.) On February 25, 2022, Fields filed a Notice with questions, directed to Defendants and the Court, that Fields intends to ask prior to the "start of proceedings." (D.E. 77.) Fields has not responded to the Court's January 20, 2022 Order, has not supplemented deficient discovery responses, and has not perfected service on Dietz or Mathews.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 37(b)(2)(A), courts can impose sanctions for a party's failure to comply with discovery orders. ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F.

App'x 577, 582 (6th Cir. 2018)(citing Fed. R. Civ. P. 37(b)(2)(A)). Potential sanctions include "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Courts may impose Rule 37(b)(2)(A) sanctions sua sponte. See Chambers v. NASCO, Inc., 501 U.S. 32, 42 n.8 (1991) (finding that courts "generally may act sua sponte in imposing sanctions under the Rules"); Prudential Def. Sols., Inc. v. Graham, No. 20-11785, 2021 WL 4810498, at *9 (E.D. Mich. Oct. 15, 2021) (imposing Rule 37(b)(2)(A) sanctions sua sponte).

Under Federal Rule of Civil Procedure 41(b), courts can "dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (citing Fed. R. Civ. P. 41(b)). Courts have the power under Rule 41(b) to enter a sua sponte dismissal. See Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013); Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980).

To determine whether dismissal is appropriate under either Rule 37(b)(2)(A) or Rule 41(b), courts consider four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was

3

warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002). Courts apply a relaxed standard to a dismissal without prejudice "because the dismissed party is ultimately not irrevocably deprived of his day in court." Muncy v. G.C.R., Inc., 110 Fed. Appx. 552, 556 (6th Cir. 2004).

Under Federal Rule of Civil Procedure 4, a summons must be served upon each defendant along with a copy of the complaint. Fed. R. Civ. P. 4(b)&(c)(1). The plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also provides that, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court has the discretion to grant additional time for service even if there is no good cause shown. See Stewart v. Tennessee Valley Auth., No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. 2000).

**III. Analysis**

   **A.  Claim Against Perry**

Fields' claim against Perry should be dismissed. Fields has willfully ignored the rules of discovery and has in bad faith failed to comply with the Court's January 20, 2022 Order. To support a finding of willfulness or bad faith, the plaintiff's actions "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Schafer, 529 F.3d at 737. The plaintiff's actions must demonstrate a "clear record of delay or contumacious conduct." Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997). The Court instructed Fields to supplement deficient discovery responses. Fields has failed to comply with the Court's order. Fields has refused to accept mail from the Clerk of Court and defense counsel. Over the same period, Fields has made two nonresponsive filings with the Court. Fields' conduct demonstrates a "clear record of delay or contumacious conduct." Freeland, 103 F.3d at 1277.

Fields' conduct has prejudiced Perry. A defendant is prejudiced where the plaintiff's conduct causes the defendant to waste time, money, and effort in pursuit of something the plaintiff was already legally obligated to provide. Schafer, 529 F.3d at 737. Perry propounded discovery requests on May 5, 2020. He filed an Initial Motion to Compel on September 10, 2020, and

5

an Amended Motion to Compel on November 11, 2020. (D.E. 54; 57.) After nearly two years, Perry still awaits proper discovery responses. Perry has spent significant time, money, and/or effort in an attempt to force Fields to comply with orders and rules that Fields was already legally obligated to follow. See Schafer, 529 F.3d at 737.

The Court explicitly warned Fields that failure to comply with the Court's order would result in sanctions that could include dismissal. (D.E. 68, PAGEID 1352-53.) ("Fields is admonished that the Court has now ordered him to comply with discovery requirements. Failure to obey the Court's orders may result in sanctions that include dismissal of this action without further notice, default judgment, and/or contempt of court proceedings.")

The Court has considered sanctions less drastic than dismissal. In the Amended Motion to Compel, Perry sought "reasonable expenses incurred in preparing [the] motion, including attorney's fees . . . ." (D.E. 57, PAGEID 1156.) The Court declined to award expenses because Fields had theretofore proceeded pro se and in forma pauperis.

All four factors weigh in favor of dismissal. Because Fields willfully ignored the rules of discovery and has in bad faith failed to comply with the Court's January 20, 2022 Order, the claim against Perry is DISMISSED WITH PREJUDICE.

### B. Claims Against Dietz and Mathews

Fields' claims against Mathews and Dietz should be dismissed for failure to effect timely service. Fields filed his initial and supplemental complaints in 2017. To date, Fields has not perfected service on Dietz or Mathews. The Court notified Fields that failure to perfect service would result in the dismissal of his claims. Fields has offered no explanation for his failure to serve Dietz or Mathews and has not established good cause. The Court declines to extend the time to perfect service. Such an extension would be futile and would create undue delay. Because Fields has failed to effect timely service, the claims against Mathews and Dietz are DISMISSED WITHOUT PREJUDICE.

In the alternative, the Court finds that Fields' claims against Mathews and Dietz should be dismissed for failure to prosecute. Fields' failure to prosecute is not clearly the result of willfulness or bad faith. However, Fields has taken no steps to serve Mathews or Dietz. The Court finds Fields at fault. The lapse of time alone is sufficient to prejudice Mathews and Dietz. The Court warned Fields that failure to prosecute would result in the dismissal of his claims. Alternative sanctions would be ineffective. Because of Fields' failure to prosecute, the claims against Dietz and Mathews are DISMISSED WITHOUT PREJUDICE.

**IV.  Conclusion**

Fields' claim against Perry is DISMISSED WITH PREJUDICE. Fields' claims against Dietz and Mathews are DISMISSED WITHOUT PREJUDICE. Because the Court has dismissed all of Fields' claims, judgment will enter consistent with the terms of this Order and the Order dated October 17, 2019.

SO ORDERED this 4th day of March, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE